# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ROZENA MILLER | CIVIL ACTION NO. 16-1256 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| RED RIVER ENTERTAINMENT OF SHREVEPORT, LLC | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Reconsideration [Record Document 30] submitted by Defendant, Red River Entertainment of Shreveport, LLC, d/b/a Sam's Town Hotel and Casino ("Sam's Town"), and a sealed Motion for Leave [Record Document 31] to file an attachment to the Motion for Reconsideration under seal. The Court hereby **GRANTS** Defendant's Motion for Leave [Record Document 31]. For the reasons that follow, the Motion for Reconsideration [Record Document 30] is **DENIED**.

On February 8, 2018, this Court issued a Memorandum Ruling granting summary judgment in favor of Defendant on Plaintiff's claims under the Age Discrimination in Employment Act and the Americans with Disabilities Act, but denying summary judgment on Plaintiff's Family and Medical Leave Act ("FMLA") claim. Record Document 28. In its Motion for Reconsideration, Sam's Town asks this Court to reconsider its decision to deny summary judgment on the FMLA claim. Sam's Town claims that the Court relied on "selective and misleading evidence submitted by Plaintiff that inaccurately represented both the timing and the amount of the leave requested by Plaintiff during her employment." Record Document 30, p. 2. It argues the record shows that Plaintiff actually took less FMLA

Page 1 of 5

leave in the months preceding her termination, rather than more. In support of its motion, Defendant seeks to file what is alleged to be Plaintiff's entire FMLA leave file, but which is also referred to as simply "AON Records." Record Document 30.

As noted by Defendant in its motion, the Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration. Such motions are typically treated as motions to alter or amend a judgment pursuant to Rule 59(e), 60(b), or 54(b). See Union Pac. R.R. Co. v. Taylor Truck Line, Inc., No. CV 15-0074, 2017 WL 2389411, at *1 (W.D. La. June 1, 2017); Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C., 282 F.R.D. 146, 151 (E.D. La. 2012). Defendant seeks reconsideration of an interlocutory order; therefore, this Court must analyze its motion for reconsideration under Rule 54(b). Cabral v. Brennan, 853 F.3d 763, 766 (5th Cir. 2017). Under this rule, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Id. at 767 n.3 (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

Defendant claims reconsideration is warranted to correct a manifest error of fact. It argues that the "true facts are that Plaintiff's use of leave was lower in two of the three months preceding her termination than it had been in the past, and nowhere near the 4-6 days Plaintiff misrepresented in her declaration."[1] Record Document 30-3, p. 6. It further disagrees with this Court's finding regarding Kim Etland's declaration and the legitimate,

---

[1] Defendant failed to note Plaintiff's alleged misrepresentation in its reply brief in support of its motion for summary judgment, despite having the opportunity to do so.

nondiscriminatory reason for Plaintiff's termination, re-urging the same arguments made in its motion for summary judgment. The Court is not persuaded.

In its prior Memorandum Ruling, this Court found that Plaintiff established a prima facie case of FMLA retaliation based on the close temporal proximity between her use of leave and her termination. Record Document 28, pp. 11-12. As noted in that Ruling, the Fifth Circuit has instructed courts to consider this temporal proximity when evaluating the causal connection element of the prima facie case. Mauder v. Metro. Transit Auth. of Harris Cty., Tex., 446 F.3d 574, 583 (5th Cir. 2006). Temporal proximity, if offered by itself, must be "very close." Leal v. BFT, Ltd. P'ship, 423 F. App'x 476, 479 (5th Cir. 2011) (citing Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273–74 (2001)). In Leal v. BFT, Limited Partnership, the Fifth Circuit found the causal link satisfied and the temporal proximity to be "very close" when the plaintiff was terminated during her exercise of FMLA rights. Leal, 423 F. App'x at 480. In Evans v. City of Houston, 246 F.3d 344, 354 (5th Cir. 2001), the court found a time lapse of five days between protected activity and adverse action to be sufficiently close. Both Leal and Evans were cited in this Court's Memorandum Ruling. This Court, relying on Plaintiff's declaration, noted: "[Plaintiff] claims that she took FMLA leave on March 7, 2015, was suspended due to the investigation on March 10, 2015, and took an additional 3 days of leave during her suspension. Plaintiff was discharged on March 14, 2015." Record Document 28, p. 11 (citations omitted). These are the facts on which the Court relied to find the temporal proximity to be sufficiently close.

Defendant now claims that Plaintiff was actually suspended on March 5, 2015, and cites her deposition testimony, to which the Court was not privy at the time of its ruling, in support of this allegation.[2] Record Document 30-3, p. 6. It argues that all of the leave taken in March occurred after Plaintiff's suspension, and the Court should not consider FMLA leave taken after Plaintiff's suspension because "protected activity which occurred after the allegedly retaliatory conduct is not probative of her retaliation claim." Id. at 7. This argument is odd in that it ignores the obvious fact that Plaintiff's termination, not her suspension, is the complained-of retaliatory conduct. See Record Document 1. Regardless, the Court found that Plaintiff engaged in protected activity in very close temporal proximity to the time she was terminated, and Defendant does not dispute this fact. Relying on Fifth Circuit precedent finding close temporal proximity sufficient to establish a causal connection, this Court found that Plaintiff established a prima facie case. The burden then shifted to Defendant to provide a legitimate, nonretaliatory reason for Plaintiff's termination. In doing so, Defendant was required to submit admissible evidence clearly explaining the reason for its termination decision. See Turner v. Kansas City S. Ry. Co., 675 F.3d 887, 900 (5th Cir. 2012) (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248,

---

[2]Though the Court ultimately does not find the timing of Plaintiff's suspension to have the effect Defendant suggests, the Court would note another piece of evidence in the record that supports the March 10th suspension date alleged in Plaintiff's declaration. Plaintiff attached to her opposition to Defendant's motion for summary judgment a letter written by an individual named Diane S. Mitnik ("Mitnik") to Ligita D. Landry at the U.S. Equal Employment Opportunity Commission. See Record Document 17-4, pp. 1-5. The letter is written on Sam's Town letterhead and identifies Mitnik as "legal counsel." In the letter, Mitnik states that Miller was suspended on March 10, 2015. Id. at 2.

254-55 (1981)). Defendant argued in its briefing on the motion for summary judgment that it terminated Plaintiff for loitering in a restroom. The only evidence produced explaining this reasoning was Kim Etland's declaration. The Court granted Plaintiff's motion to strike that portion of the declaration because it did not contain enough information to show that Etland possessed the requisite personal knowledge to make the statements therein. Because that portion of the declaration was the only evidence proffered by Defendant to explain its reason for terminating Plaintiff, the Court found that Defendant failed to provide a legitimate, nonretaliatory reason for the termination. Thus, the burden-shifting had concluded and the Court denied summary judgment on Plaintiff's FMLA claim.[3]

Even assuming Plaintiff misrepresented that she took an increasing amount of leave in the months leading to her termination, the Court did not hinge its finding that Plaintiff made a prima facie case on that allegation alone. Instead, the Court relied on the close temporal proximity between the leave and the termination, which Defendant does not dispute. And because Plaintiff satisfied this initial burden, the burden then shifted to Defendant, who failed when it did not provide admissible evidence to support its nonretaliatory reason for Plaintiff's termination. For these reasons, the Court will not alter its prior decision. Therefore, Defendant's motion [Record Document 30] is **DENIED**.

**THUS DONE AND SIGNED** this ____ day of April, 2018 in Shreveport, Louisiana.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE

---

[3] This Court went on to explain how, even if it had found Defendant's evidence admissible, it would still deny summary judgment on the FMLA claim. See Record Document 28, pp. 15-19.